1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICK HAMILTON and KRISTIN              No.  1:20-cv-00484-NONE-EPG
     HAMILTON,
12                                          FINDINGS AND RECOMMENDATIONS,
                    Plaintiffs,             RECOMMENDING THAT PLAINTIFF'S
13                                          MOTION FOR LEAVE TO AMEND BE
            v.                              DENIED
14
     COUNTY OF MADERA, et al.,              (ECF No. 17)
15
                    Defendants.             FINDINGS AND RECOMMENDATIONS,
16                                          RECOMMENDING THAT DEFENDANT'S
                                            MOTION TO DISMISS BE GRANTED,
17                                          WITH LEAVE TO AMEND

18                                          (ECF No. 11)

19                                          FOURTEEN-DAY DEADLINE

20

21          Plaintiffs Rick Hamilton and Kristin Hamilton ("Plaintiffs") filed the complaint

22   commencing this action under 42 U.S.C. § 1983 and various state laws on April 2, 2020. (ECF

23   No. 1). Plaintiffs are currently proceeding on their first amended complaint ("FAC"), filed on

24   June 30, 2020. (ECF No. 6). On February 18, 2021, Plaintiffs filed a motion for leave to file a

25   second amended complaint ("SAC"). (ECF No. 17). In addition, Defendants filed a motion to

26   dismiss the FAC on August 18, 2020. (ECF No. 11). Both motions have been referred to the

27   undersigned for findings and recommendations. (ECF Nos. 16 & 18).

28   ///

                                              1

The Court held a hearing on April 9, 2020. Counsel Leah Zabel appeared telephonically for Plaintiffs, and counsel Christopher Rusca appeared telephonically for Defendants.

For the reasons that follow, the Court recommends denying Plaintiff's motion for leave to amend and granting Defendants' motion to dismiss, with leave to amend.

## I.      BACKGROUND

Plaintiffs filed their initial complaint on April 2, 2020 and the FAC on June 30, 2020. (ECF Nos. 1 & 6). Defendants filed the pending motion to dismiss on August 18, 2020. (ECF No. 11). Plaintiffs filed an opposition on September 1, 2020, and Defendants filed a reply on September 10, 2020. (ECF Nos. 12 & 14). Plaintiffs, acting without leave of the Court, filed a surreply on September 18, 2020. (ECF No. 15). The motion to dismiss was referred to the undersigned on February 12, 2021.

Six days later, Plaintiffs filed a motion for leave to amend their complaint, which included the SAC as an exhibit. (ECF No. 17). The motion for leave to amend was referred to the undersigned on the same day. Defendants filed an opposition on March 5, 2021, and Plaintiffs filed a reply on March 11, 2021. (ECF Nos. 19 & 20).

The Court held a telephonic hearing on the motion for leave to amend on April 9, 2021. (ECF No. 24).

## II.     SUMMARY OF ALLEGATIONS

Because the FAC and SAC total 169 pages, the Court provides the following brief summary of the allegations.

### A.      FAC

The 59-page FAC, (ECF No. 6), brings claims against Defendants County of Madera; County of Madera Board of Supervisors; and county officials Tom Wheeler, Matt Treber, Deborah Mahler and John Reed, each in their official and personal capacities ("Defendants").

The gist of the FAC is that Defendants improperly used their positions to promote short-term vacation rentals ("STVRs") advertised on Airbnb in the County of Madera, primarily by failing to enforce certain laws that would have precluded or limited the STVRs. After Plaintiffs complained about STVRS, and sought to have the laws against the STVRs strictly enforced,

2

1   Defendants took various adverse actions against Plaintiffs.

2        The dispute between Plaintiffs and Defendants started in 2016, when Plaintiffs' neighbors

3   began renting an STVR on Airbnb. Plaintiffs allege the rentals were illegal and Defendants

4   refused Plaintiff's formal and informal requests to enforce applicable laws. Plaintiffs have spoken

5   in person and on the phone with, and corresponded with, various Defendants. They filed

6   complaints or appeals with County of Madera officials on June 30, 2016, July 16, 2016 and

7   January 17, 2017. Plaintiffs also filed two previous lawsuits in state court: *Hamilton v. Iden*, No.

8   MCV-07314, Superior Court of California, County of Madera, and an unnamed lawsuit against

9   Lisa Anderson. They have attended meetings, including one about a shared water system on

10  September 27, 2019.

11       Defendants have allegedly taken various actions against Plaintiffs. For instance, Plaintiffs

12  sued the Idens for operating an illegal STVR. Defendants testified in the Idens' favor and

13  improperly mooted Plaintiffs' case by changing certain regulations. Additionally, Plaintiffs are

14  entitled to use a shared water system, which broke and required multiple repairs. Defendants

15  permitted others using the system to repair their portions of it but refused to permit Plaintiffs to

16  conduct their repairs. Plaintiffs filed a lawsuit against Lisa Anderson, an owner of the water

17  system, but even after Plaintiffs received a temporary restraining order, Defendants still prevented

18  Plaintiffs from fixing the water system. Defendants have also selectively enforced—or failed to

19  enforce—various laws. For instance, Defendants have permitted Defendant Wheeler to operate an

20  STVR in violation of California's Williamson Act.

21       Plaintiffs list six claims. Their two federal claims are for violations of the Equal Protection

22  Clause and the Due Process Clause of the Fourteenth Amendment. Those two claims contain

23  subparagraphs that state Defendants committed many specific constitutional violations. Plaintiffs'

24  four state claims relate to California's Administrative Procedure Act, mandatory duties under

25  Government Code section 815, due process under the state constitution, and Code of Civil

26  Procedure section 1085.

27       **B.    SAC**

28       The 110-page SAC expands on the 59-page FAC and adds several causes of action. The

3

1    crux of the allegations remains the same: Defendants have improperly used their power against

2    Plaintiffs and in favor of STVRs. The SAC alleges that Defendants' actions against Plaintiffs

3    were due to Defendants' animosity to or dislike of Plaintiffs. It also provides further details

4    concerning Defendants' changing or enforcing zoning ordinances. It alleges Defendants

5    misrepresented their actions and Defendant Treber falsely testified in the *Iden* case. It also alleges

6    that the 2017 Mission Fire was caused by Defendants' practice not to require compliance with

7    state fire codes in connection with STVRs.

8           Plaintiffs assert seven causes of action. They repeat their federal equal-protection and due

9    process claims, and they add a federal claim for several types of First Amendment violations.

10   They also state bring state claims related to California's Administrative Procedure Act,

11   Government Code § 815.6; constitutional due process; and Code of Civil Procedure section 1085.

12   Finally, Plaintiffs enumerate one fair-housing related claim under both state and federal law.

13   **III.    SUMMARY OF ARGUMENTS**

14          **A.    Motion for Leave to Amend**

15          Plaintiffs argue that the Court should grant their motion for leave to amend (ECF No. 17)

16   under the liberal standard for providing leave. They argue that there is no bad faith, undue delay,

17   or substantial prejudice, particularly given the early stage of the proceedings. They further argue

18   that the amendment is not futile. (*Id.* at 4-8).

19          Defendants argue that the SAC was filed in bad faith because the SAC is a collateral

20   attack on Defendants' motion to dismiss and Plaintiffs failed to meet and confer with Defendants

21   before the filing. They argue that there is substantial prejudice because it adds causes of action

22   and seeks to add time-barred claims. They also argue that the new claims fail and therefore the

23   SAC is futile. (ECF No. 19).

24          For futility, Defendants argue that Plaintiffs' equal-protection claims fail because they do

25   not allege unequal treatment, that many of Plaintiffs' claims are barred by two-year statutes of

26   limitations and the rest are subject to qualified immunity, that Plaintiffs' due process claims fail

27   because they did not exhaust all available remedies, and Plaintiffs' remaining federal claims are

28   barred by two-year statute of limitations. Defendants argue Plaintiffs' state law claims should be

4

1    dismissed because there is no basis for supplemental jurisdiction. They argue that certain state

2    claims are also barred by 90-day statutes of limitations, and others fail to state claims on the

3    merits.

4        **B.    Motion to Dismiss**

5        Defendants' motion to dismiss argues that the FAC's federal-law and state-law claims fail

6    to state cognizable claims. With respect to the federal claims, they argue that Plaintiffs do not

7    state an equal-protection claim because they do not allege unequal enforcement, their claims are

8    barred by the statute of limitations, and Defendants have qualified immunity. They argue the due

9    process claim fails because the claims are barred by the statute of limitations. They argue that

10   once Plaintiffs' federal claims are denied, the state-law claims should be dismissed for lack of

11   subject-matter jurisdiction. In the alternative, many of Plaintiffs' claims cannot be brought against

12   counties, there are no mandatory or ministerial duties that Plaintiffs can force Defendants to

13   undertake in this lawsuit, and punitive damages are improper. (ECF No. 11-1).

14       Plaintiffs argue that they adequately stated their claims. For their equal-protection claim,

15   they argue that they were singled out for arbitrary enforcement. They further argue that their

16   claims are not time-barred by the statute of limitations because some allegations occurred within

17   the relevant time frames and the delayed discovery rule and continuing violation doctrines apply.

18   They argue Defendants are not protected by qualified immunity, and it is premature to determine

19   qualified immunity in any event.

20       For their due process claim, they argue that Defendants did not argue that Plaintiffs failed

21   to comply with any particular exhaustion process. For the California Administrative Procedure

22   Act claims, they argue that Defendants cited the wrong statutes. For the Williamson Act claims,

23   Plaintiffs argue that the County of Madera breached its obligations and upon being made aware of

24   the breach, it had a duty to remedy the breach. For their claims seeking a writ of mandamus, they

25   argue that a writ of mandamus is proper, that Defendants are on notice that they violated the law,

26   that the statute of limitations does not apply because Plaintiffs are still facing harm from

27   continued conduct, and that Plaintiffs were denied a hearing to which they were entitled. They

28   also argue that there are ministerial duties Defendants did not perform, and they may bring

5

1   punitive damages claims under section 1983.

2   **IV.    LEGAL STANDARDS**

3       **A.    Motion Leave to Amend**

4         Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a

5   matter of course within 21 days of service, or if the pleading is one to which a response is

6   required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party

7   may amend its pleading only with the opposing party's written consent or the court's leave." Fed.

8   R. Civ. P. 15(a)(2). Because Defendants do not consent to filing the SAC, Plaintiffs seek the leave

9   of the Court.

10         Granting or denying leave to amend a complaint is in the discretion of the Court. *Swanson*

11   *v. United States Forest Service,* 87 F.3d 339, 343 (9th Cir. 1996). Leave should be "freely give[n]

12   when justice so requires," Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be

13   guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the

14   pleadings or technicalities." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981).

15   Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

16         "Five factors are taken into account to assess the propriety of a motion for leave to amend:

17   bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether

18   the plaintiff has previously amended the complaint." *Desertrain v. City of L.A*., 754 F.3d 1147,

19   1154 (9th Cir. 2014). "The test for futility is identical to the one used when considering the

20   sufficiency of a pleading challenged under Rule 12(b)(6)." *Kuschner v. Nationwide Credit, Inc.*,

21   256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th

22   Cir. 1988); *accord Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d 738 (S.D.

23   Cal. 2020) ("Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an

24   amended complaint is futile when it would be subject to dismissal."); *Rose v. Hartford*

25   *Underwriters Ins. Co*., 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the

26   amendment could not withstand a Rule 12(b)(6) motion to dismiss."); 6 Miller, Kane & Spencer,

27   *Fed. Prac. & Proc. Civ*. § 1487 (3d ed. Apr. 2021 update) ("[S]everal courts have held that if a

28   complaint as amended could not withstand a motion to dismiss or summary judgment, then the

6

1   amendment should be denied as futile.").

2          Courts may deny leave to amend when the proposed amended complaints violate Federal

3   Rule of Civil Procedure 8(a). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047,

4   1058 (9th Cir. 2011) (affirming motion denying leave to amend for futility where proposed

5   amended complaint violated Rule 8(a)).

6          **B.       Motions to Dismiss and Rule 8**

7          A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the

8   complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Motions to dismiss may be granted

9   for violations of Rule 8, which "applies to good claims as well as bad, and is a basis for dismissal

10  independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citing

11  *Nevijel v. N. Coast Life Ins. Co*., 651 F.2d 671, 673 (9th Cir. 1981)).

12         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

13  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

14  what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550

15  U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

16  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to

17  offer evidence to support the claims."  *Scheuer*, 416 U.S. at 236 (1974).

18         Although a complaint is not required to include detailed factual allegations, it must set

19  forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

20  face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain

21  "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

22  defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff

23  must demonstrate that each named defendant personally participated in the deprivation of his

24  rights. *Iqbal*, 556 U.S. at 676-77.

25         "A complaint having the factual elements of a cause of action scattered throughout the

26  complaint and not organized into a 'short and plain statement of the claim' may be dismissed for

27  failure to satisfy Rule 8(a)." *Saunders v. Saunders*, 2009 WL 382922, at *2 (E.D. Cal., Feb. 13,

28  2009). Thus, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is

1 "verbose, confusing and conclusory." *Nevijel*, 651 F.2d at 674. "Although normally verbosity or

2 length is not by itself a basis for dismissing a complaint, … a pleading may [not] be of unlimited

3 length and opacity." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058

4 (9th Cir. 2011) (citing, *inter alia*, *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 415 (9th Cir. 1985) as

5 "upholding a Rule 8(a) dismissal of a complaint that exceeded 70 pages in length, and was

6 confusing and conclusory").

7           "When a complaint fails to comply with the requirements of Rule 8(a), the district court

8 has the power, on motion or sua sponte, to dismiss the complaint…." *Marshall v. United Nations*,

9 2006 WL 1883179, at *3 (E.D. Cal. July 6, 2006) (citing *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d

10 Cir. 1995)); *accord Velasco v. Sec. Nat. Mortg. Co*., 823 F. Supp. 2d 1061, 1066 (D. Haw. 2011),

11 *aff'd*, 508 F. App'x 679 (9th Cir. 2013) (holding courts may "*sua sponte* dismiss a complaint for

12 failure to comply with Rule 8"); *Morris v. F.B.I.*, 962 F.2d 14, 1992 WL 99324, at *1 (9th Cir.

13 1992) (table, unreported) (affirming *sua sponte* dismissal of complaint under Rule 8(a)).

14           Complaints that repeatedly incorporate all preceding paragraphs by reference—sometimes

15 called shotgun pleadings—have been found to violate Rule 8. *Weiland v. Palm Beach Cty.*

16 *Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun

17 pleading]—by a long shot—is a complaint containing multiple counts where each count adopts

18 the allegations of all preceding counts, causing each successive count to carry all that came before

19 and the last count to be a combination of the entire complaint."); *Deerpoint Grp., Inc. v.*

20 *Agrigenix, LLC*, 345 F. Supp. 3d 1207, 1234 n.15 (E.D. Cal. 2018) ("It is true that Paragraph 144

21 incorporates by reference Paragraphs 1 to 143. However, incorporating literally all 143 preceding

22 paragraphs, without specific reference to either disparagement or Paragraph 81, does not give

23 Defendants (or the Court) fair notice of the factual bases of the IIPEA claim." (citing *Weiland*,

24 792 F.3d at 1321-23)); *Caruso v. Hill*, 2020 WL 4018141, at *11 (E.D. Cal. July 15, 2020)

25 ("[W]hile an amended complaint may incorporate by reference any prior paragraphs that are

26 necessary to pleading a plausible cause of action, the amended complaint may not use the

27 improper expedient of simply incorporating by reference all prior paragraphs, be they supportive

28 or relevant to the cause of action or not, since such a practice does not provide adequate notice for

1   purposes of Rule 8.").

2   **V.      ANALYSIS**

3       Both the FAC and the SAC violate Rule 8(a) because neither is a short and plain statement

4   showing that Plaintiffs are entitled to relief. Both have very lengthy recitations of facts followed

5   by numerous causes of actions against numerous defendants, without clear links between the

6   allegations and the causes of action, not to mention specific defendants.

7       The FAC is 59 pages long and contains a total of 370 paragraphs of allegations and

8   prayers for relief. Its earliest allegations appear to be from 2016.[1] Each claim "incorporate[s] by

9   reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein."

10   (*See* ECF No. 6 at 47, 49, 51, 53, 55). Plaintiffs' first claim is for an equal-protection violation.

11   Paragraph 301 states that "Defendants have violated the constitutional rights of defendants in (sic)

12   by acting with partiality, arbitrarily, with malice or with bias and with the intent to deny the

13   HAMILTONS the equal protection of the law, *including but not limited to*" 13 enumerated

14   subparagraphs. (*Id.* at 47) (emphasis added). Each of those subparagraphs refer to various actions,

15   such as "Arbitrary and improper zoning ordinance amendments by the MADERA COUNTY

16   BOS in July, 2017," without describing how they constitute an equal protection violation.  (*Id.* at

17   48).  The same problems arise with the FAC's second claim, which is for due process violations.

18   Paragraph 310 states Defendants' violations "include[e] but [are] not limited to" 15 enumerated

19   subparagraphs, such as "Arbitrarily and with improper motivation refusing to acknowledge the

20   property rights of the HAMILTONS and other owners of the Water System in the 1985

21   Declaration of Restrictions or any legal effect of that Declaration of Restrictions by DEXTER

22   MARR, MATT TREBER, and DEBORAH MAHLER." (*Id.* at 49-51).

23       Similarly, the SAC is 110 pages long. It contains 483 paragraphs of allegations and

24   requests for relief, and it also tells a years-long history of the parties' disputes. The federal claims

25   for relief, which begin at paragraphs 394, 416, and 425, each "incorporate by reference each of

26   the allegations set forth in [the] preceding paragraphs of this Complaint as if fully set forth

27   

28   ---
[1] This start date does not include the allegations about the parties' backgrounds, such as Kris Hamilton's being senior class president at Madera High School and Rick Hamilton's education and career history. (*Id.* at 3-4).

1 herein." (ECF No. 17 at 88, 92, 94). Similar issues arise for Plaintiffs' second claim in the SAC,

2 which concerns due process. This claim incorporates all previous allegations by reference in

3 paragraph 416. (*Id.* at 92). Paragraphs 419, 420, and 421 then refer to "[a]ll actions taken by all

4 Defendants and referred to herein[.]" (*Id.* at 92-93). Thus, it is unclear what set of allegations

5 relate to the claimed due process violations.

6      Plaintiffs' FAC and SAC are therefore improper "shotgun" pleadings that do not contain

7 "a short and plain statement of the claim showing that the pleader is entitled to relief." This basis

8 alone constitutes a violation of Rule 8. *See Deerpoint Grp.*, 345 F. Supp. 3d at 1234 n.15

9 ("[I]ncorporating literally all 143 preceding paragraphs, without specific reference to either

10 disparagement or Paragraph 81, does not give Defendants (or the Court) fair notice of the factual

11 bases of the IIPEA claim."); *Weiland*, 792 F.3d at 1321 ("The most common type [of improper

12 shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count

13 adopts the allegations of all preceding counts, causing each successive count to carry all that

14 came before and the last count to be a combination of the entire complaint."); *Wilson v. City of

15 Fresno*, No. 1:19-cv-01658-DAD-BAM, 2020 WL 5366302, at *15 (E.D. Cal. Sept. 8, 2020)

16 ("Here, the court finds that plaintiff Wilson has failed to comply with Rule 8 of the Federal Rules

17 of Civil Procedure, which requires 'a short and plain statement of the claim showing that the

18 pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). Plaintiff Wilson re-incorporates over 200

19 paragraphs spanning over 90 pages of the complaint, but she does not clearly and succinctly

20 allege facts pertaining to the second and third elements of her § 1981 claim for discrimination;

21 notably, how each defendant had an intent to discriminate on the basis of her race and how that

22 discrimination concerned a contractual relationship.").

23      Without such a short and plain statement, the Court cannot determine where—or

24 whether—Plaintiffs have alleged the elements forming their various causes of action. For

25 example, as noted above, paragraph 310 of the FAC states Defendants' due-process violations

26 "include[e] but [are] not limited to" 15 enumerated subparagraphs. (ECF No. 6 at 49-51). Those

27 subparagraphs do not state what specific liberty or property interests are at issue. (*See id.* at 49-

28 51). As an illustration, one subparagraph under the due-process heading claims that the "Arbitrary

1    and improper zoning ordinance amendments by the MADERA COUNTY BOS in July, 2017[.]"

2    (*Id.* at 50). That does not indicate what liberty or property interest was allegedly affected.

3    Likewise, paragraph 419 of the SAC alleges that "All actions taken by all Defendants and

4    referred to herein, violates the Constitution's protected liberties[.]" (ECF No. 17 at 92). But

5    Plaintiffs do not clarify what "protected liberties" they were deprived of.

6           Moreover, in this instance, the Court cannot accurately determine the merits of the parties'

7    arguments. For example, Defendants argue that the statute of limitations for Plaintiffs' federal

8    constitutional claims is two years. (ECF Nos. 11-1 at 10; 19 at 12). It is true that Plaintiffs'

9    allegations trace back to at least 2016, which appear to be barred by the statute of limitations.

10   (ECF Nos. 6 at 7; 17 at 35). Plaintiff argues that some allegations occurred within the last two

11   years and that the delayed discovery rule and continuing violation doctrines apply. But in the

12   complaints' current forms, the Court cannot determine what claims are barred and which, if any,

13   are subject to the delayed discovery rule or the continuing violation doctrine.

14          At the hearing, the Court gave Plaintiffs the opportunity to clarify their claims one at a

15   time.  However, it became clear that there was no clear and plain statement of such a claim.

16   Plaintiff's counsel regularly referred to allegations spread throughout the complaint and had

17   difficulty finding specific statements supporting each claim. As described more fully on the

18   record during that hearing, the Court could not determine whether Plaintiff had stated any

19   cognizable claims anywhere in their complaint.

20          Particularly given the length—and futility—of the oral argument, the Ninth Circuit's

21   concerns in *McHenry* are particularly noteworthy:

22          Prolix, confusing complaints such as the ones plaintiffs filed in this case impose
            unfair burdens on litigants and judges. As a practical matter, the judge and
23          opposing counsel, in order to perform their responsibilities, cannot use a
            complaint such as the one plaintiffs filed, and must prepare outlines to determine
24          who is being sued for what. Defendants are then put at risk that their outline
            differs from the judge's, that plaintiffs will surprise them with something new at
25          trial which they reasonably did not understand to be in the case at all, and that res
            judicata effects of settlement or judgment will be different from what they
26          reasonably expected. "[T]he rights of the defendants to be free from costly and
            harassing litigation must be considered." *Von Poppenheim* at 1054.
27

28

11

1

2    The judge wastes half a day in chambers preparing the "short and plain statement"
     which Rule 8 obligated plaintiffs to submit. He then must manage the litigation
3    without knowing what claims are made against whom. This leads to discovery
     disputes and lengthy trials, prejudicing litigants in other case who follow the
     rules, as well as defendants in the case in which the prolix pleading is filed.

4

5    84 F.3d at 1179–80 (alterations in original).

6          Plaintiffs argued that they did not violate Rule 8 because claims brought under *Monell v.*

7    *Department of Social Services of City of New York*, 436 U.S. 658 (1978), require a heightened

8    standard of plausibility to show a longstanding pattern. Even if there are heightened pleading

9    standards, Plaintiffs must still comply with Rule 8(a). *See Inman v. Anderson*, 294 F. Supp. 3d

10   907, 919 (N.D. Cal. 2018) ("If Plaintiff wishes to assert his first and second causes of action

11   against the County as claims that are separate from his third cause of action, Plaintiff must do so

12   in a second amended complaint in a way that complies with both Rule 8 and *Monell*.").

13         Accordingly, the Court recommends denying the motion for leave to amend and granting

14   the motion to dismiss, in each case for violations of Rule 8. *See McHenry*, 84 F.3d at 1179–80

15   (affirming dismissal of complaint under Rule 8); *Kassman v. Bank of Am.*, No. 2:16-cv—00425-

16   JAM-CKD, 2016 WL 4126727, at *1 (E.D. Cal. Aug. 3, 2016) (granting motion to dismiss with

17   leave to amend for violation of Rule 8 because "[t]he FAC is unnecessarily lengthy and repetitive,

18   and it lacks 'simple, concise, and direct' allegations.  For example, Plaintiff has not made clear

19   connections between general information about [defendant's] past business practices and

20   Plaintiff." (quoting Fed. R. Civ. P. 8(d)(1)); *Wilson*, 2020 WL 5366302, at *15 ("Here, the court

21   finds that plaintiff Wilson has failed to comply with Rule 8 of the Federal Rules of Civil

22   Procedure, which requires 'a short and plain statement of the claim showing that the pleader is

23   entitled to relief.' Fed. R. Civ. P. 8(a)(2). Plaintiff Wilson re-incorporates over 200 paragraphs

24   spanning over 90 pages of the complaint, but she does not clearly and succinctly allege facts

25   pertaining to the second and third elements of her § 1981 claim for discrimination; notably, how

26   each defendant had an intent to discriminate on the basis of her race and how that discrimination

27   concerned a contractual relationship."); *Deerpoint Grp.*, 345 F. Supp. 3d at 1234 n.15

28   ("[I]ncorporating literally all 143 preceding paragraphs, without specific reference to either

1    disparagement or Paragraph 81, does not give Defendants (or the Court) fair notice of the factual

2    bases of the IIPEA claim.").

3         The Court also recommends granting further leave to amend, subject to the constraints

4    discussed below.

## VI.    FURTHER LEAVE TO AMEND

6         Neither party addresses whether additional leave to amend is proper. Leave to amend

7    should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court has yet to

8    address the merits of Plaintiffs' claims. Thus, the Court recommends granting leave to amend.

9         However, the third amended complaint should be limited to increase the likelihood that it

10   complies with relevant pleading standards, specifically the requirement of a "short and plain

11   statement of the claim showing that the pleader is entitled to relief." Thus, the Court recommends

12   limiting the third amended complaint, including exhibits, to 35 pages and requiring all claims for

13   relief to refer to specific allegations or otherwise to clearly describe what actions by specific

14   defendants violated Plaintiffs' rights.

## VII.   FINDINGS AND RECOMMENDATIONS

16        For the foregoing reasons, it is HEREBY RECOMMENDED that:

17        1)  Plaintiff's motion for leave to amend (ECF No. 17) be DENIED;

18        2)  Defendants' motion to dismiss (ECF No. 11) be GRANTED with leave to amend;

19        3)  Plaintiffs be granted leave to file a third amended complaint within thirty days of the

20            order adopting these findings and recommendations; and

21        4)  Such third amended complaint, including its exhibits, be limited to no longer than 35

22            pages, and all claims for relief therein be required to include specific allegations or

23            otherwise clearly describe what actions by which defendants violated Plaintiffs'

24            rights.[2]

25        These findings and recommendations will be submitted to the United States district judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

27   ────────────────────
[2] If the third amended complaint does not comply with these restrictions, or otherwise fails to comply with Rule 8's
28   requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief," it may be
     dismissed without further leave to amend.

13

days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 22, 2021**                         /s/ *Erica P. Grosjean*
                                                                 UNITED STATES MAGISTRATE JUDGE